This suit is to recover the principal and premium upon certain bonds owned by complainant. These bonds were part of an issue by Monmouth Lighting Company, the obligation whereof was assumed by the defendant Jersey Central Power and Lighting Company, hereinafter called the Lighting Company. The issue was secured by a mortgage to Freehold Trust Company as trustee. The principal was to come due in 1946, but with the right at the option of the obligor to redeem the mortgage on any interest date. The Lighting Company did elect to redeem the then outstanding bonds in July, 1931, and on the 15th day of July, 1931, the sum of $818,075 was paid to Freehold Trust Company and notice was given by publication in accordance with the deed of trust that all the bonds had been called for prepayment and would be paid on presentation on December 1st, 1931, at the Freehold Trust Company. Under the express terms of the deed of trust, this gave the right to release the mortgage immediately and the mortgage was so released. During the month of December, 1931, most of the bonds were presented and paid excepting those of plaintiff and certain other bonds aggregating approximately $40,000.
The money received from the Lighting Company was deposited by the trustee in the Asbury Park and Ocean Grove Trust Company to its credit as trustee and was added to an already existing account under that name amounting to some $9,000, representing various items of which the trustee was also trustee. In other words, the $818,000 was mingled by the trustee with other funds on deposit by it in the Asbury Park and Ocean Grove Trust Company.
The Asbury Park and Ocean Grove Trust Company closed on the 24th day of December, 1931, and was taken over on that date by the commissioner of banking and insurance. On December 31st, 1931, complainant presented its bonds for payment to the Freehold Trust Company, which was then open, but which itself closed on the 4th day of January, 1932. The trustee, Freehold Trust Company, has since been taken *Page 244 
over by a new corporation, The Freehold Trust Company, which has assumed all its debts and liabilities.
The present suit is brought against the Lighting Company, the original Freehold Trust Company, the commissioner of banking and insurance and the present The Freehold Trust Company. The Asbury Park and Ocean Grove Trust Company is not made a party on the theory which appears to be sound — that since the funds for the payment of the bonds were mingled with the other trust funds, they cannot be traced into the hands of the Asbury Park Company and impressed with a trust in its hands.
I reach the conclusion that both the Lighting Company and the present, The Freehold Trust Company, are responsible to complainant for the principal of the bonds and the stipulated five per cent. premium. The Lighting Company remains liable on the bonds even though it designated a place of payment and deposited the money with the trust company. It is well settled that under such circumstances, the depository is the agent of the debtor and not of the creditor. In Adams v. HackensackImprovement Commission, 44 N.J. Law 638, the court says (at p.646): "Those cases which affirm the continuing liability of the maker, acceptor or obligor on paper made payable at a banker's where the debtor had provided funds for payment at maturity, which the holder might have received if he had demanded payment when due, and which were lost by the subsequent failure of the banker, were correctly decided." I therefore find that the deposit with the trust company did not discharge the obligation of the Lighting Company.
The Freehold Trust Company is also liable to complainant. In direct violation of the statute, an act concerning trust companies (Revision 1899, section 7), it mingled the funds turned over to it by the lighting company, namely, the money to pay the bonds which was impressed with a trust for that purpose, with other funds already on deposit by it with the Asbury Park and Ocean Grove Trust Company. The trustee is not saved by the immunity clause in the deed of trust securing *Page 245 
the mortgage which reads as follows: "The trustee shall not be answerable for any act, default, neglect or misconduct of any of its agents or employes, nor in any way answerable or accountable except for bad faith." Here we have a direct violation of a statutory duty which amounts to bad faith. In Conover v.Guarantee Trust Co., 38 N.J. Eq. 450, affirmed in the court of errors and appeals, 89 N.J. Eq. 585, Vice-Chancellor Leaming says: "Trustees are bound to observe the limits placed upon their powers either by law or by the trust instrument and if they transcend such powers and cause damage to the estate, they will be held responsible therefor although they may have acted in perfect good faith.
In Woodruff v. Freehold Trust Co., 112 N.J. Eq. 405, in a suit, on other bonds a part of this bond issue, against the Freehold Trust Company and the Asbury Park and Ocean Grove Trust Company, it was held that no recovery could be had against the defendants, since the deed of trust imposed no duty upon the trustee with respect to the fund for payment of the bonds, and that in making the deposit in the Asbury Park bank, the trustee selected a bank which apparently was sound. I do not consider that this decision is controlling in the instant suit since it does not appear that the court there considered the violation of the statute by the trustee in mingling the bond redemption fund with other moneys. It is this statute which brings the instant suit within the principle laid down in Conover v. GuaranteeTrust Co., supra.
A decree will be advised imposing a liability to pay the face of the bonds held by complainant, together with the five per cent. premium provided in the deed of trust, and also together with interest on the face of the bonds from the time of the commencement of this suit. The Lighting Company is entitled to a right of subrogation against The Freehold Trust Company and may file a petition therefor. *Page 246